# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA WINGET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-702-BAJ-SDJ** |
| **AEGIS SECURITY INSURANCE COMPANY** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 20, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA WINGET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-702-BAJ-SDJ** |
| **AEGIS SECURITY INSURANCE COMPANY** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (R. Doc. 26) filed by Defendant Aegis Security Insurance Company on March 20, 2024. As explained below, Plaintiff has failed to comply with multiple orders from the Court and failed to attend two status conferences before the Court. For these reasons, and because Plaintiff has failed to take any steps to prosecute this litigation, it is recommended that Defendant's Motion be **granted** and Plaintiff's cause of action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.    Background**

Plaintiff Patricia Winget filed this action on or about August 23, 2022, in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana.[1] Plaintiff seeks payment for purported damages to property she owned caused by Hurricanes Laura and Delta.[2] Defendant, on October 4, 2022, filed a Notice of Removal, thereby removing the action to this Court based on diversity jurisdiction.[3] The Court issued a Scheduling Conference Order on January 27, 2023, ordering, *inter alia*, that the Parties file a joint status report on or before March 2, 2023.[4] When the Parties

---

[1] R. Doc. 1-1 at 1.
[2] *Id.* at 2.
[3] R. Doc. 1 at 2-3.
[4] R. Doc. 14 at 1.

failed to file a joint status report, the Court reset the Scheduling Conference and extended the deadline for filing a joint status report to March 23, 2023.[5]

On or about March 23, 2023, with leave of Court, Defendant filed a Motion to Extend Deadline to File Joint Status Report in which Defendant requested a 30-day extension of the joint status report deadline.[6] In its Motion, Defendant explained that prior to removal of this case to federal court, Plaintiff's counsel had filed a Motion to Withdraw as counsel for Plaintiff, to which Plaintiff consented, leaving Plaintiff to proceed *pro se* in this matter.[7] Defendant states that between November 2022 and January 2023, defense counsel was contacted via email by the law firm of McClenny Moseley & Associates, which indicated they represented Plaintiff and sought mediation of Plaintiff's claims.[8] Based on this, defense counsel was loath to contact Plaintiff directly, not knowing whether she was represented by counsel.[9] Per Defendant, not knowing the status of Plaintiff's representation, if any, "prevented the parties from being in a position to initiate the discovery process and allow this matter to be in a posture to submit a Joint Status Report."[10] On March 29, 2023, the Court granted Defendant's Motion, reset the Scheduling Conference, and extended the deadline for filing a joint status report to April 27, 2023.[11]

On April 27, 2023, Defendant filed a Motion for Leave to File Separate Status Report and Continuance of Telephone Scheduling Conference.[12] Defendant averred in its Motion that defense counsel had then recently conferred with Plaintiff by telephone, during which conversation Plaintiff expressed her intention to retain new counsel and requested until June 7, 2023, for said

---

[5] R. Doc. 15.
[6] R. Doc. 18 at 1.
[7] *Id.* at 1-2.
[8] *Id.* at 2-3.
[9] *Id.* at 3.
[10] *Id.*
[11] R. Doc. 19.
[12] R. Doc. 20.

new counsel to enroll in the case.[13] Per Defendant, "since Plaintiff currently remains unrepresented by counsel, the parties have not been able to complete an FRCP 26(f) scheduling conference and there is not currently an attorney for Plaintiff to file a Joint Status Report as mandated."[14] As such, Defendant sought leave to file a separate Status Report that could be "subsequently amended and converted to a Joint Status Report once counsel for Plaintiff enrolls."[15] The Court, on May 3, 2023, granted Defendant's Motion in part, resetting the dates for the Scheduling Conference and for filing a Joint Status Report.[16]

Subsequently, on July 18, 2023, two days prior to the date of the reset Scheduling Conference, the Court canceled said Conference and scheduled a Telephone Status Conference for August 22, 2023.[17] The Order also instructed that a copy of the Order be sent to Plaintiff by certified mail, return receipt requested, at the address for Plaintiff on file with the Court.[18] On August 16, 2023, the mailing with the Order was returned as undeliverable.[19] The Status Conference was held on August 22, 2023; Plaintiff did not call in to it.[20] At that time, the Court reset the Status Conference to September 19, 2023, at the courthouse, and ordered "that all parties must attend **in-person**."[21] The Order also placed Plaintiff "**on notice** that if she again **fails** to **attend** the Status Conference ... the Court may **recommend** that the case be **dismissed** for failure to prosecute pursuant to Local Rule 41(b)."[22]

---

[13] R. Doc. 20-2 at 1, 3.
[14] *Id.* at 4.
[15] *Id.*
[16] R. Doc. 21.
[17] R. Doc. 22.
[18] *Id.*
[19] R. Doc. 23.
[20] R. Doc. 24.
[21] *Id.* at 1 (emphasis in original).
[22] *Id.* at 2 (emphasis in original).

On September 19, 2023, a Status Conference was held in Courtroom 6; Plaintiff again failed to appear.[23] The Minute Entry from the conference reflects that "[c]ounsel for Defendant informed the Court that Plaintiff did not respond to his email regarding today's conference, and the Court similarly has been unable to contact Plaintiff."[24] The Court also stated that, "[c]onsidering Plaintiff's failure to attend two status conferences and the notice given in the previous minute entry (R. Doc. 24), the Court may **recommend** that Plaintiff's case be **dismissed** for failure to prosecute pursuant to Local Rule 41(b)."[25]

**II.     Law and Analysis**

Federal Rule of Civil Procedure 41(b), governing involuntary dismissal of actions, provides:

> (b)   Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Additionally, Local Civil Rule 41(b), governing actions before this Court, provides, in pertinent part:

> (1)   A civil action may be dismissed by the Court for lack of prosecution as follows:
>
> ...
>
> (C)   Where a cause has been pending six months without proceedings being taken within such period....
>
> (2)   Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action....

---

[23] R. Doc. 25 at 1.
[24] *Id.*
[25] *Id.* at 2.

Here, Plaintiff has failed to prosecute this case. She did not appear for two Status Conferences before the Court and has never actually made an appearance before this Court. She also did not respond to Defendant's Motion to Dismiss her claims. In fact, Plaintiff has not taken a single action in this proceeding since it was removed to this Court almost three years ago. Rule 41(b) provides for dismissal under these circumstances. Such dismissal also comports with Local Civil Rule 41(b)(1)(C), which provides for dismissal for failure to prosecute where an action has been pending for six months without proceedings being taken within that period. And the time period for objections to this Report and Recommendation satisfies Local Civil Rule 41(b)(2), which requires fourteen (14) days' notice to the plaintiff before dismissal of a case for failure to prosecute. As such, the Court **recommends** that this matter be **dismissed**. *See Holliday v. Allstate Vehicle & Prop. Ins. Co.*, No. 22-757, 2024 WL 3408314 (M.D. La. Jun. 26, 2024) (dismissing pursuant to Fed. R. Civ. P. 41(b) and/or Local Civil Rule 41(b)(1)(C) where plaintiff has taken no action in the case for more than six months and did not respond to defendants' motion to dismiss).

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 26) be **GRANTED**, and Plaintiff's cause of action be **DISMISSED without prejudice** pursuant to Rule 41(b) for **failure to prosecute**.

Signed in Baton Rouge, Louisiana, on September 20, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**